IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:22-HC-02093-M

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Petitioner,<br><br>v.<br><br>THEODORE MACON CARRINGTON, JR.,<br><br>    Respondent. | ORDER |

This matter comes before the court on Respondent's Motion for Relief from Continued Detention pursuant to Rule 60(b)(6) [DE 82] and Respondent's pro se Motion to Expedite [DE 92]. Respondent seeks the vacatur of his § 4246 commitment order, arguing that his commitment resulted from violations of due process and ineffective assistance of counsel. *Id.* at 13. For the following reasons, the motions are denied.

**I.  Background**

On January 4, 2021, Respondent was indicted for transmitting a threatening communication to Senator Ron Johnson, in violation of 18 U.S.C. § 875(c). *United States v. Carrington*, Case No. 1:21-cr-00005-WO, at DE 7 (M.D.N.C. Jan. 4, 2021). Shortly thereafter, Respondent moved for, and the court granted, a competency evaluation. On August 20, 2021, the court held a hearing and heard expert testimony from a government witness. *United States v. Carrington*, 91 F.4th 252, 262 (4th Cir. 2024). The witness advised that should Respondent be hospitalized under 18 U.S.C. § 4241(d), "there was a five-month waiting period to enter federal medical centers." *Id.* On August 23, 2021, the court found that Respondent was incompetent to

stand trial and committed him to the custody of the Attorney General pursuant to § 4241(d) for restoration proceedings "for a reasonable period of time not to exceed four months." *Carrington*, Case No. 1:21-cr-00005, at DE 35.

Respondent was designated to the Federal Medical Center in Butner, North Carolina ("FMC Butner"). He arrived on January 18, 2022, almost five months after the court's commitment order. Evaluators at FMC Butner completed and filed a restorability evaluation on May 20, 2022, a little more than four months after his arrival. *Id.* at DE 47. The report concluded that Respondent remained incompetent and would not be restorable in the foreseeable future. *Id.* It also noted that Respondent met the criteria for commitment outlined in § 4246. *Id.*

On May 26, 2022, after the report was filed, but before court made a final decision on Respondent's competency, the United States filed a Certificate of Mental Disease or Defect and Dangerousness in the Eastern District of North Carolina. [DE 1]. The same day, it moved for a stay pending the resolution of the competency proceedings in the Middle District of North Carolina. [DE 5]. On June 29, 2022, Judge Terrance W. Boyle granted the motion and issued a stay. [DE 7].

On August 26, 2022, the Middle District held a hearing to consider Respondent's competency and restorability. At the hearing, Respondent objected to the timeliness of the § 4246 certificate, arguing that it was untimely pursuant to § 4241(d) and the Fourth Circuit's decision in *United States v. Curbow*, 16 F.4th 92 (4th Cir. 2021). Though this did not necessitate action from the district court, Respondent noted in a subsequent filing that it made the objection "in the criminal trial court . . . for the purpose of further motion properly filed in the E.D.N.C. civil proceedings, maintaining and not waiving objection thereto." *Carrington*, Case No. 1:21-cr-00005, at DE 62. On September 15, 2022, the Middle District issued an order finding Respondent

2

incompetent and not likely to be restored to competency in the foreseeable future. *Id.* at DE 65. As such, it found that Respondent was subject to the provisions of § 4246. *Id.* The next day, the United States moved to dismiss the indictment against Respondent without prejudice. *Id.* at DE 68. The court granted the United States' motion, and Respondent appealed ("the Criminal Appeal"). *Id.* at DE 71.

Now back in the Eastern District, the United States moved to lift the stay on the § 4246 proceedings. [DE 14]. On November 17, 2022, Judge Boyle lifted the stay and ordered FMC Butner to conduct an evaluation pursuant to § 4246(b). [DE 17–18]. On January 3, 2023, evaluators at FMC Butner submitted a Forensic Evaluation, opining that Respondent met the conditions for civil commitment outlined in § 4246. [DE 19]. The court held a commitment hearing on March 14, 2023, and heard evidence from a government witness. [DE 22]. Respondent did not, either by written motion or orally at the hearing, challenge the timeliness of the certificate. On March 20, 2023, the court committed Respondent to the custody of the Attorney General pursuant to § 4246. [DE 23]. Respondent timely appealed ("the Civil Appeal"). [DE 28].

In the Criminal Appeal, Respondent challenged the district court's order finding him "subject to the civil-commitment provisions of 18 U.S.C. § 4246." *United States v. Carrington*, 91 F.4th 252, 256 (4th Cir. 2024). He argued that (1) the order was invalid because he was no longer in the legal custody of the Attorney General at the time the court made the finding; and (2) he received ineffective assistance of trial counsel. *Id.* On January 23, 2024, the Fourth Circuit held that it lacked jurisdiction to consider the appeal, as the district court's order was neither a final judgment nor an appealable collateral order. *Id.* at 270.

In the Civil Appeal, Respondent challenged the district court's § 4246 civil-commitment order. *United States v. Carrington*, No. 23-6348, 2024 WL 243317, at *1 (4th Cir. 2024). He

3

argued that an unreasonably long delay in his competency proceedings rendered his § 4246 certificate untimely. *Id.* To his mind, the four-month period of detention authorized by § 4241(d) began to run the day the court ordered him hospitalized, and thus terminated on December 23, 2021, roughly five months before the United States would file the certificate. *Id.* The United States took the position that the four-month period did not begin until Respondent was hospitalized on January 18, 2022. *Id.* Thus, in their view, the four-month period did not expire until May 18, 2022, only eight days before the United States filed the certificate. *Id.* On January 23, 2024, the same day that it decided the Criminal Appeal, the Fourth Circuit held that Respondent forfeited this argument by not raising it during the civil commitment proceedings. *Id.* While an objection was noted in his criminal proceedings in the Middle District, the court held that "challenges to the period immediately preceding the filing of the § 4246 certificate can and must be raised in the civil-commitment court." *Id.* at *3.

However, as is highlighted by Respondent here, the court also suggested that future avenues for relief might still be available to Respondent. In a footnote, the court stated that, "[t]o the extent that [Respondent] thinks his counsel's failure to raise material issues in the court below amounted to ineffective assistance, nothing in this opinion should be interpreted to foreclose further relief. *Cf.* 28 U.S.C. § 2241; Fed. R. Civ. P. 60(b)." *Id.* at *4 n.3. Judge Heytens, in a concurrence, was more explicit. He wrote:

> This series of events raises obvious questions about the quality of representation [Respondent] received before the district court. Whether those questions would warrant reopening the civil court's judgment under Federal Rule of Civil Procedure 60(b)(6) or support a habeas petition based on ineffective assistance of counsel under 28 U.S.C. § 2241 is something this Court need not decide now. See *Pressley Ridge Schs. v. Shimer*, 134 F.3d 1218, 1222 (4th Cir. 1998) (declining to remand a case "with specific instructions that the district court consider a request for vacatur" because the appellant "ha[d] not requested th[at] precise relief"). I note, however, that these two appeals are not necessarily the end of the road for [Respondent] and

4

caution that the Court's decisions should not be interpreted as concluding the concerns he raises lack merit.

*Id.* at *4 (Heytens, J., concurring).

On December 20, 2024, Respondent filed a Motion for Relief from Continued Detention pursuant to Rule 60(b). [DE 82].

## II. Legal Standards

Rule 60(b) authorizes courts to "relieve a party or its legal representative from a final judgment, order, or proceeding" on a limited number of grounds. Fed. R. Civ. P. 60(b). "The consideration of motions under Rule 60(b) proceeds in two stages." *Nat's Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993). First, a moving party must show "(1) that the motion is timely, (2) that he has a meritorious claim or defense, and (3) that the opposing party will not suffer unfair prejudice if the judgment is set aside." *United States v. Welsh*, 879 F.3d 530, 533 (4th Cir. 2018). "If a party makes such a showing, he must then satisfy one or more of the six grounds for relief set forth in Rule 60(b) in order to obtain relief from judgment." *Park Corp. v. Lexington Ins. Co.* 812 F.2d 894, 896 (4th Cir. 1987). In any case, the disposition of a Rule 60(b) motion "is a matter which lies largely within the discretion of the trial judge." *Consol. Masonry & Fireproofing, Inc. v. Wagman Const. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967); *see also Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011) ("We review the district court's ruling on a 60(b) motion for abuse of discretion[.]").

## III. Discussion

### A. Ineffective Assistance

Respondent argues that his commitment "was unconstitutionally generated" by the ineffective assistance of counsel. [DE 82] at 1, 13. Specifically, he argues that his civil counsel should have objected to the § 4246 certificate under *United States v. Wayda*, 966 F.3d 294, 304 (4th Cir. 2020), and that had they done so, the certificate would have been dismissed. *Id.* The

5

court addresses this core contention before considering whether such circumstances (if established) warrant relief under Rule 60(b)(6).

The Sixth Amendment to the United States Constitution provides that "the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. The United States Supreme Court has interpreted this provision as requiring "the effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). A defendant's right to the effective assistance of counsel is violated when (1) counsel's performance fell below an objective standard of reasonableness, as measured by "prevailing professional norms", and (2) the defendant suffered prejudice as a result. *Id.* at 687–88. Judicial review of counsel's performance is "highly deferential," and courts "must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 689). Prejudice is demonstrated by showing a "reasonable probability" that but for counsel's deficient performance, "the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

This case asks the court to consider the performance of Respondent's counsel as they navigated the transition between the § 4241(d) competency proceedings in the Middle District of North Carolina and the § 4246 civil commitment proceedings here. Critically, in making this assessment, the pertinent question is not whether Respondent had a valid *Wayda* claim, or even whether it would have been prudent for counsel to raise such an argument. *See id.* at 687–88. That is not what *Strickland* requires. Instead, the court must ask whether the performance of counsel in choosing not to raise a timeliness objection was so deficient that Respondent was wholly deprived of his right to effective counsel. *See id.* Here, it was not.

6

To understand why, it is necessary to first appreciate the transition period between § 4241(d) and § 4246 proceedings. To file a § 4246 certificate against an individual committed for competency restoration, the individual must be "presently committed to the Attorney General's custody." *Wayda*, 966 F.3d at 304 (emphasis omitted). Such commitment must be "legitimately in effect when the certificate is filed," which turns on "whether the time limits in § 4241(d) have expired." *Carrington*, 91 F.4th 258. "[I]f the § 4246 certificate is filed after the period of lawful custody expires, then a person may move for, and the civil-commitment court must order, the dismissal of the certificate as untimely." *Id.* at 259.

Regarding these time restraints, § 4241(d) provides as follows:

The Attorney General shall hospitalize the defendant for treatment in a suitable facility—

(1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and

(2) for an additional reasonable period of time until—

> (A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or
>
> (B) the pending charges against him are disposed of according to law;
> whichever is earlier.

§ 4241(d). Notably, the statute provides for two distinct periods of lawful commitment. First, it authorizes a blanket four-month period of hospitalization. § 4241(d)(1). Second, as relevant here, it authorizes "an additional reasonable period" of hospitalization during which the defendant remains in lawful custody until his pending criminal charges are dismissed. *See* § 4241(d)(2)(B); *see also Wayda*, 966 F.3d at 306 (confirming that any additional period of commitment beyond four-months must be reasonable).

7

Two Fourth Circuit cases lay the parameters for what constitutes an additional "reasonable period of commitment." *See* § 4241(d)(2)(B). In *Wayda*, the court held that a six-month delay between the district court's unrestorability determination and the filing of a § 4248 certificate was not reasonable. *Wayda*, 966 F.3d at 308. It reasoned that the United States did not "provide an adequate explanation of any physical, behavioral, or administrative obstacles to the BOP's evaluation of [the respondent] or the filing of the § 4248 certification," noting in particular that the respondent had been in government custody for over two years. *Id.* at 308–09. By contrast, the next year, in *United States v. Curbow*, the Fourth Circuit held that an analogous forty-nine-day period was reasonable where United States "detailed its activities between Curbow's unrestorability determination and the filing of his § 4248 certificate." 16 F.4th at 112–13 (4th Cir. 2021).

With these principles in mind, the court turns to Respondent's assumption that his certificate was untimely. Central to this analysis is the question of when the four-month hospitalization period begins to run. Respondent argues that it begins when the § 4241(d) commitment order is filed by the court, which here, was on August 23, 2021. *See id.* at 8–9. The United States argues that it begins when the Respondent arrives at the "suitable facility," which here, was on January 18, 2022. *See* [DE 87] at 2. The answer to this question will determine how far beyond the four-month period the certificate was filed, and thus, how reasonable the delay was—and whether objectively reasonable counsel could have chosen to forgo a *Wayda* challenge.

The Fourth Circuit has not decided the issue, but in at least one unpublished opinion, it treated the date of hospitalization as the date on which the four-month clock begins to run. *See United States v. Flannery*, No. 88-5605, 1989 WL 79731, at *3–4 (4th Cir. July 13, 1989) (measuring the § 4241(d)(1) period from the date of hospitalization and explaining that "the statute

8

provides only that the examination must occur within four months"); *see also Curbow*, 19 F.4th at 122 (Traxler, J., concurring) ("The time periods of § 4241(d)(1) and (d)(2) simply establish the maximum periods of *hospitalized evaluation and treatment* authorized for determining a defendant's competence to stand trial, not the maximum period that the defendant may be held in the custody of the Attorney General.") (emphasis in original). Relatedly, in the Civil Appeal in this case, the Fourth Circuit opined that "the text of the statute can reasonably [be] read to tie this time limit to the start of hospitalization, not commitment[,]" but ultimately, it passed on the "thorny issue[.]" *Carrington*, 2024 WL 243317, at *3. These conclusions have been almost uniformly adopted by other courts. *See United States v. Rendon-Romero*, No. 5:21-CR-436-D, 738 F.Supp.3d 697, 702 (E.D.N.C. 2024) (holding that "section 4241(d)'s four-month clock begins to run upon hospitalization of the defendant at a suitable facility, not during any pre-hospitalization period"); *United States v. Alhindi*, 97 F.4th 814, 826 (11th Cir. 2024) (per curiam) (holding the same and recognizing that "§ 4241 implicitly recognizes that hospitalization cannot occur instantaneously"); *United States v. Magassouba*, 544 F.3d 387, 405 (2d Cir. 2008) (holding that the initial purpose of the custodial hospitalization period is "evaluative"); *United States v. Donnelly*, 41 F.4th 1102, 1105 (9th Cir. 2022) (recognizing that § 4241(d)'s text "makes clear that the four-month time limit applies only to the period of hospitalization, and thus begins to run when the defendant has been hospitalized); *United States v. Lara*, 671 F.Supp.3d 1257, 1261 (D.N.M. 2023) (same); *but see United States v. Carter*, 583 F.Supp.3d 94, 100 (D.D.C. 2022) (finding that any delay in the defendants' transportation counts against § 4241(d)(1)'s four-month hospitalization period).

Having considered this backdrop, the court finds that the performance of Respondent's counsel fell well within the range of reasonable professional assistance guaranteed by the Sixth

9

Amendment. *See Strickland*, 466 U.S. at 687–88. Respondent assumes that because his attorneys waived a *Wayda* challenge by not objecting to the certificate, their representation was "clearly ineffective." [DE 82] at 11. The standard used to reach this conclusion does not come from *Strickland*. Not all waived arguments are meritorious ones. The Supreme Court has never imposed on defense attorneys a duty to make every nonfrivolous argument, "regardless of its merit, viability, or realistic chance for success." *Knowles v. Mirzayance*, 556 U.S. 111, 123, 127 (2009). The relevant inquiry looks not into the merits of a *Wayda* challenge, "but rather counsel's decision not to pursue" it. *Jackson v. United States*, 71 F.Supp.2d 491, 496 (D. Md. 1999) (citing *Smith v. State of South Carolina*, 882 F.2d 895 (4th Cir. 1989)). Here, counsel's decision not to object to the certificate, even if construed as error, was not *Strickland* error. There are numerous reasons that rational counsel, acting in their sound discretion, would have chosen not to raise an objection.

Principle among these was the potential weakness in a timeliness argument. As was recognized by the Fourth Circuit on Respondent's Civil Appeal, the text of § 4241(d) can "reasonably [be] read to tie" the four-month period "to the start of hospitalization, not commitment." *Carrington*, 2024 WL 243317, at *3. While the court ultimately passed on the "thorny issue," virtually every court to consider the question has reached the same conclusion. As such, rationale counsel could have concluded that this was the likely interpretation to be reached by the district court and the Fourth Circuit, thus resulting in the certificate in this case being filed only eight days after the four-month hospitalization period authorized by § 4241(d)(1)—a delay that was highly unlikely to be considered unreasonable. *See Curbow* 16 F.4th at 112–13. The most that can be said for the theory Respondent now advances is that the law was unclear at the time of his civil proceedings. Being uncertain in the face of uncertainty, however, does not amount to a violation of the Sixth Amendment. The fact that the Fourth Circuit has not yet resolved the timing

10

issue demonstrates that it was not grossly incompetent for Respondent's counsel to lack confidence in the merits of a *Wayda* argument and thus choose not to make one.[1]

Neither has Respondent shown a "reasonable probability" that but for his counsel's failure to object, his certificate would have been dismissed. *See Strickland*, 466 U.S. at 694. The court need not make a formal finding as to its interpretation of the statute. It suffices to say that nearly every court to have considered the issue has read the word "hospitalize" to mean that "section 4241(d)'s four-month clock begins to run upon hospitalization of the defendant at a suitable facility." *See Rendon-Romero*, 738 F.Supp.3d at 702. Respondent argues that this interpretation "would give the Attorney General near blanket authority to indefinitely detain someone found by a preponderance of the evidence to be suffering from a mental disease or defect prior to hospitalization." [DE 88] at 4. But this is not so. The Supreme Court has held that the "indefinite commitment of a criminal defendant solely on account of incompetency" violates the Due Process Clause of the Fourteenth Amendment. *Jackson v. Indiana*, 406 U.S. 715, 731 (1972). Regardless of the interpretation of § 4241(d) ultimately adopted by the Fourth Circuit, this theory of relief was always available to Respondent. *See id.* at 722–73.

With this likelihood established, two considerations counsel in favor of finding the additional commitment in this case reasonable. First, the certificate was filed only eight days after the expiration of the four-month hospitalization period, assuming it begins once Respondent reached FMC Butner. *See* [DE 1]. This is much shorter than the forty-nine-day period approved of in *Curbow*. *Curbow*, 16 F.4th at 112–13. Second, unlike in *Wayda* and *Curbow*, here, the

---

[1] The court also notes that it is possible to win a case to the detriment of one's client. Part of the judgment to be exercised by lawyers is to determine whether a potentially meritorious legal argument is strategically warranted. The decision by Respondent's counsel to focus on the issue of competency, thus helping to determine whether Respondent could safely be released into the community, fell within their sound judgment.

11

United States filed the certificate before the district court had made a final restorability determination. *See* [DE 1]; *Carrington*, Case No. 1:21-cr-00005, at DE 65. In fact, the certificate was filed nearly four months before the Middle District would make its final determination. *See id.* This suggests that the United States complied with the Fourth Circuit's directive that it "'strive to certify' individuals in a time frame that eliminates or at least minimizes the time spent as an incompetent, unrestorable person waiting for a [§ 4246] determination." *Wayda*, 966 F.3d at 308 (citing *United States v. Timms*, 664 F.3d 436, 453 n.14 (4th Cir. 2012)). Here, there was no period of time where Respondent was deemed unrestorable to competency and yet still waiting for the initiation of § 4246 proceedings. All relevant parties—the district court, the United States, and evaluators at FMC Butner—moved with deliberate speed, with the only notable delay being the five-month period between when the district court committed Respondent for competency restoration and when FMC Butner attained the capacity to begin its evaluation of Respondent. As the four-month period likely starts at the date of hospitalization, this delay is not considered for purposes of determining whether Respondent remained in lawful § 4241(d) custody, and in any event, it stems from a legitimate "administrative obstacle[.]" *See Wayda*, 966 F.3d at 304, 308–09. Thus, the eight-day period was likely reasonable under § 4241(d)(2)(B). 0809

Respondent fails both *Strickland* prongs, so he does not have a valid claim for ineffective assistance of counsel.

B. Rule 60(b)

Respondent's only proffered basis for relief under Rule 60(b) is without merit, so the court finds that vacatur is not warranted. Even if Respondent had made a stronger case for ineffective assistance, the court finds that relief under Rule 60(b)(6) would be inappropriate.

12

Rule 60(b)(6) allows a court to set aside a judgment for "any other reason that justifies relief." While this catch-all provision includes "few textual limitations," its context makes clear that it may be "invoked in only 'extraordinary circumstances.'" *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011); *see also Lijeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988) (cautioning that relief under Rule 60(b)(6) "should only be applied in 'extraordinary circumstances'"). The Supreme Court has "limited application of Rule 60(b)(6) to cases where 'such action is appropriate to accomplish justice.'" *Justus v. Clarke*, 78 F.4th 97, 106 (4th Cir. 2023) (quoting *Klapprott v. United States*, 335 U.S. 601, 615 (1949)).

In seeking relief under Rule 60(b)(6), Respondent argues, in effect, that losing a meritorious argument to default necessarily constitutes an extraordinary circumstance. [DE 82] at 8–9. The court disagrees. First, as was described previously, even if Respondent had challenged the timeliness of his certificate in front of Judge Boyle, he was unlikely to be successful. Second, insofar as Rule 60(b)(6) is designed to do substantial justice, the court has serious concerns about whether it is an appropriate tool to be utilized under these circumstances. Respondent was committed after a finding by the district court that he was "suffering from a mental disease or defect" and that "as a result . . . his release would create a substantial risk of bodily injury to another person or serious damage to the property of another." [DE 23] at 2; *see also* § 4246(d). Moreover, since that determination, he has been reevaluated twice and found to continue to meet § 4246's criteria for commitment. [DE 64] at 10; [DE 91] at 9.[2] In the light of the details contained

---

[2] Notably, evaluators described Respondent's presentation as "irritable, angry, hostile, delusional and hyperverbal." [DE 91] at 3. They advise that he is "wholly unwilling to consider psychotropic medication" and "is solely focused on obtaining release through the courts." *Id.* Respondent has lost two appeals, and he has now been denied relief under Rule 60(b)(6). The court notes that it

13

in those reports, the court finds that it would neither be in Respondent's best interest nor the communities to vacate his commitment order and release him from custody without the benefit of government-supervised treatment.

Finally, the court addresses Respondent's contention that this case is not about an "isolated eight-day gap[,]" but rather the cumulative period of his detention. [DE 88] at 5. Respondent stresses that he has been committed "beyond any criminal sentence he may have received." *Id.* This argument conflates commitment with punishment. Civil commitment is not, and has never been, intended to serve as punishment. It results instead from a determination that releasing a particular individual into the community poses such a substantial risk to the safety of others that commitment is warranted. *See* § 4246(d). Nobody wants a human being to be held in a facility without adequate justification, particularly not this court. This order is not written cavalierly. But whether it took nine months serially for the certificate to be filed is not relevant insofar as each step in the process was taken within statutorily authorized timeframes. As has been described previously, they were.

### IV. Conclusion

At the end of the day, relief under Rule 60(b)(6) is discretionary. *See Consol. Masonry & Fireproofing, Inc.*, 383 F.3d at 251. The question for the court is whether injustice would occur if the commitment order is allowed to stand. *See Klapprott*, 335 U.S. at 615. If it would, then the court should exercise its discretionary power. But here, for the reasons described above, the court is not so convinced. Therefore, Respondent's Motion for Relief from Continued Detention

---

may be in Respondent's best interest to focus his attention on the treatment opportunities available at FMC Butner rather than attacking his commitment order through motions practice.

14

pursuant to Rule 60(b)(6) [DE 82] is DENIED and Respondent's pro se Motion to Expedite [DE 92] is DENIED AS MOOT.

SO ORDERED this __2d__ day of June, 2025.

*Richard E Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE